UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-02816-MRA-MBK | Date | June 1, 2026 |
|---|---|---|---|
| Title | *Brando Agudelo Contreras v. Markwayne Mullin et al.* | | |

Present: The Honorable     MONICA RAMIREZ ALMADANI, UNITED STATES DISTRICT JUDGE

| Melissa H. Kunig | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

Proceedings:     (IN CHAMBERS) ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [2]

On May 26, 2026, Petitioner Brando Agudelo Contreras ("Petitioner") filed a Petition for Writ of Habeas Corpus, ECF 1, and an *Ex Parte* Application for a Temporary Restraining Order ("TRO"), ECF 2. Petitioner is currently detained by Immigration and Customs Enforcement ("ICE") and seeks a TRO prohibiting Respondents from transferring Petitioner outside of this District and establishing an expedited briefing schedule. *Id.* at 9-10.

The Court issued General Order No. 26-05 to facilitate the expedited resolution of the influx of petitions for writs of habeas corpus filed by those in immigration detention. ECF 5. Pursuant to Section 3 of the General Order, the Court set a briefing schedule for the Petition: Respondents' answer is due by June 2, 2026, and Petitioner's reply is due no later than 3 days after the answer is served. *Id.* Furthermore, Section 6 of the General Order, Respondent is required to provide at least two court days' notice to Petitioner, Petitioner's counsel, and the Court of any intent to remove Petitioner from this District. In light of this, and the expedited briefing schedule on the underlying habeas petition, the Court is not convinced that emergency relief is necessary, as any delay that may result from awarding Petitioner relief based on the habeas petition alone would be brief. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (Petitioner "must establish . . . that he is likely to suffer irreparable harm in the absence of preliminary relief"). Consistent with Section 3 of the General Order, the Court will deny any renewed motion that fails to provide a specific showing that Petitioner will suffer "imminent, irreparable harm that cannot be addressed by the standard scheduling order or by expediting the briefing schedule."

Accordingly, Petitioner's TRO Application is **DENIED** without prejudice. Proceedings on the merits of Petitioner's underlying Petition will continue before the Magistrate Judge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 5:26-cv-02816-MRA-MBK | Date | June 1, 2026 |
|---|---|---|---|
| Title | *Brando Agudelo Contreras v. Markwayne Mullin et al.* | | |

**IT IS SO ORDERED.**

_____ :  _____

Initials of Deputy Clerk    mku